

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANGELA D. ESTES,<br><br>                                       *Plaintiff,*<br><br>v.<br><br>CHARLOTTESVILLE HOUSING AND<br>REDEVELOPMENT AUTHORITY,<br><br>                                       *Defendant.* | CASE NO. 3:06-CV-00033<br><br><br>MEMORANDUM OPINION AND<br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Defendant's Motion for Reconsideration, filed June 8, 2007 (docket entry no. 48). Upon reconsideration, and in particular upon consideration of *Locklear v. Bergman & Beving*, 457 F.3d 363 (4th Cir. 2006), the Court finds that Defendant's Motion to Dismiss, filed February 7, 2007 (docket entry no. 30) should be GRANTED.

      Plaintiff was an employee of Charlottesville Housing and Redevelopment Authority ("CHRA"), working on public housing issues from City Hall in Charlottesville. On September 14, 2005, Plaintiff filed discrimination charges against CHRA with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Pl.'s Compl. ¶ 9) On October 27, 2005, CHRA terminated Plaintiff's employment. (Compl. ¶ 11) Plaintiff subsequently filed a charge of retaliation with the EEOC. On June 20, 2006, after receiving her "right-to-sue" letter from the EEOC relating to her original discrimination charge, Plaintiff filed her complaint against the City of Charlottesville ("the City") alleging racial discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)

(docket entry no. 1). On September 29, 2006, after receiving her second "right-to-sue" letter from the EEOC, Plaintiff amended her complaint against the City to add her allegation of retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a) (docket entry no. 4).

On October 24, 2006, the City moved to dismiss on the grounds that it was not Plaintiff's employer (docket entry no. 6). CHRA is a separate municipal corporation created by state statute, not a department of the City. Plaintiff first attempted to proceed against the City on an integrated employer theory, then attempted to amend the complaint to include *both* The City and CHRA, and finally settled on releasing The City and suing only CHRA, in the Third Amended Complaint (docket entry no. 25). However, this complaint was not filed until January 23, 2007, well outside of the 90-day limit found in 42 U.S.C. 2000e-5. Plaintiff concedes that, unless the Third Amended Complaint relates back to the original filing date, her suit will be barred.

The central issue in this case is whether Plaintiff, by erroneously suing the City of Charlottesville rather than CHRA, made a "mistake" within the meaning of Rule 15(c), or suffered from a "lack of knowledge" of the proper party to sue. In this case, Plaintiff knew of the existence of CHRA, but sued the City because she believed CHRA to be a subdivision of the city government.

*Locklear*, on which Defendant relies, involves a Plaintiff who, misreading the nameplate attached to a machine tool, filed suit against the city in which it was made rather than the manufacturer. *Locklear*, 457 F.3d at 364. Plaintiff attempts to distinguish the case by pointing out that Locklear had no idea who the manufacturer was, had not named it in the original complaint, and did not learn of its existence until long after the 120-day deadline for service had expired. These facts certainly contrast with this case. Despite these differences, the Fourth Circuit makes clear that there is no "mistake" within the meaning of rule 15(c) when the problem is a "lack of

knowledge of the proper party to be sued." *Id* at 368. Locklear did not know who the manufacturer of the machine tool was, and therefore sued the wrong party. Here, Plaintiff did not know who her actual employer was; she lacked the knowledge of the proper party to be sued, and sued the wrong party. Although this could be called a "mistake" in casual speech, it does not qualify as a "mistake" under Rule 15(c) as interpreted by *Locklear*. Suing the City was not a mere "slip of the pen," (*Locklear*, 457 F.3d at 366), but a deliberate act made because Plaintiff erroneously assumed CHRA was an agency of the City.

In addition, *Locklear* references the unpublished case *Rennie v. Omniflight Helicopters, Inc.*, 1998 U.S. App. LEXIS 27050 (4th Cir.1998). *Rennie* is even more explicit than *Locklear*, declaring that "[t]here is relation back where a plaintiff has misnamed the party the plaintiff actually intended to sue who is already part of the lawsuit, but not where the plaintiff was simply wrong about who the plaintiff wanted to sue." Slip Op. at 6-7. That describes perfectly the circumstances of this case. CHRA was not a part of the initial lawsuit, because Plaintiff was wrong about who she wanted to sue, and sued a different, incorrect, party. Taken together, both of these cases show that relation back is not permitted, and thus Plaintiff is outside of the limitations period.

Accordingly, this case is DISMISSED and stricken from the docket of this court. The Motion for Certification for Interlocutory Appeal is DISMISSED as moot.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Date: June 27, 2007